1

2

3

4

5

6

7

8

9

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

10

CYNTHIA Y. MOORE,

            Plaintiff,

11

12

13

    v.

14

15

16

COMMISSIONER OF SOCIAL
SECURITY,

17

         Defendant.

18

**1:14-cv-01843---GSA**

**ORDER DISMISSING COMPLAINT
WITH LEAVE TO AMEND**

(Doc. 1)

19

20

    **I.**    **Introduction**

21

        Plaintiff Cynthia Moore ("Plaintiff") filed a Social Security complaint (the "Complaint")

22

on November 24, 2014. ECF No. 1. Plaintiff's application to proceed in forma pauperis was

23

granted on January 9, 2015. ECF No. 4.

24

        Plaintiff appears to be challenging a denial of her Social Security benefits in the

25

Complaint. As discussed below, however, the Complaint will be dismissed because it fails to state

26

a claim. Plaintiff is granted leave to correct the mistakes discussed below and file an amended

27

complaint.

28

///

1

1    **II.    Discussion**

2         **a.    Legal Standard**

3         Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the Complaint

4    to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or

5    malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

6    the Court determines that the Complaint fails to state a claim, it must be dismissed. *Id.* Leave to

7    amend may be granted to the extent that the deficiencies of the Complaint can be cured by

8    amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

9         A complaint must contain "a short and plain statement of the claim showing that the

10   pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

11   required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

12   conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell

13   Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set

14   forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

15   *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations

16   are accepted as true, legal conclusion are not. *Id*. at 678.

17        To determine whether a complaint states an actionable claim, the Court must accept the

18   allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738,

19   740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick

20   v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor.

21   *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to

22   less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338,

23   342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after

24   *Iqbal*).

25        **b.    Plaintiff's Allegations**

26        Plaintiff's Complaint indicates that the Complaint was filed "based on the June 28, 2013

27   unfavorable decision." ECF No. 1. It does not allege who (or which agency) rendered the

28   decision, nor does it specify any of the findings of that decision. The Complaint proceeds to cite

1  to particular pages of the decision, saying, among other things, that "on page 3 of 9 there is

2  inadequate and out dated [sic] information." *Id*. The Complaint makes the same comment about

3  page 7 of the decision; the page apparently has "inadequate and outdated information that should

4  be further looked into." *Id*. The Complaint further notes that Plaintiff has recently had surgery and

5  would like her case "looked into again." *Id*. The Complaint does not go into further detail and

6  does not specify any factual or legal basis for the appeal.

7       **c.**    **Analysis of Plaintiff's Allegations**

8       Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must first set forth a

9  "short and plain statement of the grounds for the court's jurisdiction." Under 42 U.S.C. § 405(g),

10  a plaintiff appealing a final decision of a denial of Social Security benefits can only come within

11  the jurisdiction of this Court if: (1) the appeal is filed within sixty days after she is mailed the

12  notice of the final decision of the Commissioner of Social Security; and (2) she resides in the

13  district in which the action is filed.

14       A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process in

15  which Plaintiff must exhaust her administrative remedies. Once a denial of benefits is received, a

16  claimant must file for reconsideration of that decision with the Social Security Administration. 20

17  C.F.R. § 904.909. If the Administration issues an adverse decision, an individual may request that

18  an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ then issues

19  an adverse decision, an appeal may be filed with the Social Security Appeals Council. Any appeal

20  to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. §

21  404.968. Once the Appeals Council issues its decision, a Claimant can file a complaint in the

22  United States District Court. This complaint must be filed within sixty days of the Appeals

23  Council's order. 42 U.S.C. § 405(g).

24       It is not clear from the face of the Complaint that either of the conditions specified by 42

25  U.S.C. § 405(g) have been met. Although the Complaint states that an unfavorable decision was

26  rendered on June 28, 2013, it is unclear who issued that decision or whether the requisite appeals

27  process (as laid out above) has been followed. Plaintiff should clearly indicate the dates that any

28  appeals were filed, as well as the dates and results of those appeals, in any amended complaint.

1   Rule 8(a) additionally requires that each complaint contain "a short and plain statement of

2   the claim showing the pleader is entitled to relief." Detailed factual allegations are not required,

3   but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

4   statements, do not suffice." *Iqbal*, 550 U.S. at 555.

5   In this Complaint, it is clear that Plaintiff believes that something was not reviewed

6   adequately in previous proceedings. It is unclear, however, how specifically Plaintiff believes that

7   the Social Security Administration erred in coming to its decision or which facts the

8   Administration neglected to consider. Any amended complaint that Plaintiff files must correct

9   these errors.

10   Plaintiff should also note that this Court can only review a final decision by the Social

11   Security Administration to determine whether: (1) it is supported by substantial evidence; and (2)

12   it applied the correct legal standards. *Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir.

13   2008). In other words, the Court will not rehear the entirety of Plaintiff's case.

14   **III.    Leave to Amend**

15   The Court will provide Plaintiff an opportunity to amend the Complaint to fix the issues

16   identified above. If Plaintiff chooses to file a First Amended Complaint, it must bear the docket

17   number assigned in this case and be labeled "First Amended Complaint." As a general rule, an

18   amended complaint supersedes the original complaint. *Lacey v. Maricopa Cnty.*, 693 F.3d 896

19   (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other

20   words, the amended complaint must be "complete in itself without reference to the prior or

21   superseded pleading." Local Rule 220.

22   **IV.    Order**

23   For the reasons set forth above, Plaintiff's Complaint is DISMISSED WITH LEAVE TO

24   AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only

25   file an amended complaint if she believes her claims are cognizable. Any amended complaint

26   shall be filed no later than **February 23, 2015**. Failure to file an amended complaint by the date

27   specified will result in dismissal of this action.

28

4

1   IT IS SO ORDERED.

2       Dated:    **January 21, 2015**              **/s/ Gary S. Austin**
                                              UNITED STATES MAGISTRATE JUDGE
3

4

5   ///

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                    5