UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| CYNTHIA Y. MOORE, | 1:14-cv-01843-GSA |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (ECF No. 6) |

**I.   INTRODUCTION**

Pro se plaintiff Cynthia Moore ("Plaintiff") filed a Social Security complaint (the "Complaint") on November 24, 2014. ECF No. 1. Plaintiff's Complaint was dismissed with leave to amend on January 21, 2015. ECF No. 5. Plaintiff then filed a First Amended Complaint ("FAC") on February 23, 2015. ECF No.6.

In the FAC, Plaintiff appears to be challenging a denial of her Social Security benefits. As discussed below, however, the Complaint will be dismissed because it fails to state a claim. Plaintiff is granted leave to correct the mistakes discussed below and file a second amended complaint.

**II.   DISCUSSION**

 **a.   Legal Standard**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct an initial review of the FAC to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

1

the Court determines that the FAC fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the FAC can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice*." Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id.* at 678.

To determine whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trustees of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

**b.    Plaintiff's Allegations**

The FAC describes the course of Plaintiff's applications for disability and supplemental security benefits, concluding with a written decision by Administrative Law Judge Serena Hong ("ALJ") that Plaintiff is not disabled. It does not indicate whether Plaintiff appealed this decision to the Appeals Council or the dates of any such appeal. The FAC then proceeds to discuss Plaintiff's medical treatments after the date of the decision and reiterates the challenges the Complaint recited regarding the ALJ's decision, It concludes by asking that the Court "look deeper into my claim" and attaches 45 pages of assorted records, many of which describe medical exams that occurred after the date of the ALJ's decision. Several weeks after filing the FAC,

Plaintiff submitted additional medical records from visits to medical offices in 2015. ECF No. 7.

### c. Analysis of Plaintiff's Allegations

Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must first set forth a "short and plain statement of the grounds for the court's jurisdiction." Under 42 U.S.C. § 405(g), a plaintiff appealing a final decision of a denial of Social Security benefits can only come within the jurisdiction of this Court if: (1) the appeal is filed within sixty days after she is mailed the notice of the final decision of the Commissioner of Social Security; and (2) she resides in the district in which the action is filed.

A "final decision" under 42 U.S.C. § 405(g) is reached only after a lengthy process in which Plaintiff must exhaust her administrative remedies. Once a denial of benefits is received, a claimant must file for reconsideration of that decision with the Social Security Administration. 20 C.F.R. § 904.909. If the Administration issues an adverse decision, an individual may request that an administrative law judge ("ALJ") hold a hearing. 20 C.F.R. § 404.929. If the ALJ then issues an adverse decision, an appeal may be filed with the Social Security Appeals Council. Any appeal to the Appeals Council must be filed within sixty days of the ALJ's decision. 20 C.F.R. § 404.968. Once the Appeals Council issues its decision, a Claimant can file a complaint in the United States District Court. This complaint must be filed within sixty days of the Appeals Council's order. 42 U.S.C. § 405(g).

As with the Complaint, it is still not clear from the face of the FAC that either of the conditions specified by 42 U.S.C. § 405(g) have been met. Although the Complaint states that an unfavorable decision was rendered by an ALJ on June 28, 2013, it is still unclear whether the requisite appeals process (as laid out above) has been followed. Plaintiff should clearly indicate the dates that any appeals were filed with the Appeals Council, as well as the dates and results of those appeals, in any amended complaint.[1]

Plaintiff is reminded that this Court can only review a final decision by the Social Security

---

[1] This is a jurisdictional requirement to challenge the ALJ's decision; if Plaintiff did not follow the correct procedure with respect to the appeal of the decision, the Court is unable to consider her challenge. *Sims v. Apfel*, 530 U.S. 103, 107 (2000) ("If a claimant fails to request review from the Council, there is no final decision and, as a result, no judicial review in most cases"). ***Plaintiff is advised that unless she is able to supply this information, this action may be dismissed for lack of subject matter jurisdiction.***

Administration to determine whether: (1) it is supported by substantial evidence; and (2) it applied the correct legal standards. *Carmickle v. Commissioner*, 533 F.3d 1155, 1159 (9th Cir. 2008). In other words, the Court will not rehear the entirety of Plaintiff's case or review evidence that was not put before the ALJ. Plaintiff is thus advised that she should not submit documents that she believes will "supplement" the record or file any additional evidence of further medical visits to the Court.

### III.   LEAVE TO AMEND

The Court will provide Plaintiff an opportunity to amend the FAC to fix the issues identified above. If Plaintiff chooses to file a Second Amended Complaint, it must bear the docket number assigned in this case and be labeled "Second Amended Complaint." As a general rule, an amended complaint supersedes any earlier complaints. *Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012) (noting that there may be limited exceptions to this rule on appeal). In other words, the amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

### IV.   ORDER

For the reasons set forth above, Plaintiff's FAC is DISMISSED WITH LEAVE TO AMEND. Plaintiff is instructed to consider the standards set forth in this Order and should only file an amended complaint if she believes her claims are cognizable. Any amended complaint shall be filed no later than **May 8, 2015**. Failure to file an amended complaint by the date specified will result in dismissal of this action.

IT IS SO ORDERED.

Dated:   **April 8, 2015**                            /s/ Gary S. Austin
                                                              UNITED STATES MAGISTRATE JUDGE

4